UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

In re:

EDUARDO L. SARRIA,

Debtor,

EDUARDO L. SARRIA,

Defendant-Appellant,

v.

JA, LLC d/b/a LEKU ONA, an Idaho limited liability company,

Plaintiff-Appellee,

Case No. 1:19-cv-00422-DCN

Adv. Case No. 18-06019-JMM
Bankr. Case No. 18-00572-JMM

**MEMORANDUM DECISION AND ORDER ON APPEAL**

## I. INTRODUCTION

The matter before the Court is Defendant-Appellant Eduardo L. Sarria's appeal from the United States Bankruptcy Court for the District of Idaho's determination that JA, LLC d/b/a Leku Ona ("Leku Ona") was the prevailing party in the adversary proceeding and award of attorney fees. Dkt. 8. The appeal is fully briefed and ripe for the Court's review. Having reviewed the record herein, the Court finds the parties have adequately presented the facts and legal arguments in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides this appeal without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court

hereby AFFIRMS both of the Bankruptcy Court's orders.

## II. BACKGROUND

On May 2, 2018, Eduardo and Heather Sarria filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. Due to allegations of fraud against Eduardo, Leku Ona thereafter filed an adversary proceeding against both Eduardo and Heather pursuant to 11 U.S.C. § 523(a)(2)(A). Leku Ona sought a non-dischargeable judgment against Eduardo for payments he fraudulently obtained from Leku Ona by billing the restaurant for food and wine he did not deliver.[1] Dkt. 9-4, at 2–3.

Arduous discovery and pretrial motion practice ensued, and a two-day trial was held. Ultimately, the Bankruptcy Court concluded that Eduardo had committed fraud and awarded Leku Ona a judgment of $2,490. *Id.* at 7. Leku Ona then sought an award of attorney fees in the amount of $223,076.50 for the adversary proceeding. *Id.* Eduardo contested the motion, arguing that Leku Ona was not the prevailing party and that the amount Leku Ona sought was not reasonable.

The Bankruptcy Court concluded that fees were available under Idaho Code § 12-120(3). *Id.* at 8. The court then determined that Leku Ona was the prevailing party under Idaho law, citing various cases and Idaho Rule of Civil Procedure 54(d)(1)(B). The court discussed the single claim in the underlying case and the dismissal of Heather from the action. *Id.* at 8–14. The court went on to analyze whether the fee request was reasonable under the factors listed in Idaho Rule of Civil Procedure 54(e)(3) and Idaho caselaw. *Id.* at

[1] Leku Ona did not allege that Heather Sarria committed any fraudulent acts, and she was later dismissed from the adversary proceeding. *Id*. at 3 n. 3.

15–29. The court's analysis was thorough and included consideration of each of the 54(e)(3) factors. After reviewing the circumstances of the case, the court deemed that the requested amount was unreasonable and reduced the amount by $107,923.50, ultimately awarding Leka Ona $125,153.00. *Id.* at 31.

On January 27, 2020, Eduardo timely appealed (Dkt. 8); Leku Ona responded (Dkt. 10); and Eduardo replied (Dkt. 11). This Court has jurisdiction under 28 U.S.C. § 158.

## III. ISSUES AND STANDARDS OF REVIEW

On appeal, Eduardo raises two issues. The first issue is whether the Bankruptcy Court erred in determining the prevailing party, which is reviewed for an abuse of discretion. *See In re Brosio*, 505 B.R. 903, 909 (B.A.P. 9th Cir. 2014).

The second issue is whether the Bankruptcy Court erred in awarding Leku Ona attorney fees and costs. A bankruptcy court's determination of attorney fees and costs is also reviewed for an abuse of discretion. *In re Schwartz-Tallard*, 473 B.R. 340, 346 (B.A.P. 9th Cir. 2012). This involves reviewing "whether the bankruptcy court applied the correct rule of law" and "whether the court's application of that rule was illogical, implausible, or without support" from the record.[2] *Id.*

## IV. ANALYSIS

As a preliminary matter, there is no general right to attorney fees under the

---

[2] Leku Ona cited state law standards of review and maintains that "the Bankruptcy Court correctly based its fee determination on state law," implying that this Court's review should be governed by state law standards. Dkt. 10, at 7–8 & n.2. This is incorrect. *See In re Crystal Props., Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001) ("The district court functions as an appellate court in reviewing a bankruptcy decision and applies the same standards of review as a federal court of appeals . . . ." (cleaned up)). Regardless, the state and federal standards of review in this case are so substantively similar that any minor disparity between them is inconsequential to the Court's analysis.

Bankruptcy Code. *Id.* at 347. To recover attorney fees, a party must be able to recover them under state or federal law. *Id.* ("For example, attorneys' fees may be awarded to a prevailing party when authorized by a statute."). Here, the Bankruptcy Court identified Idaho Code § 12-120(3) as a means for Leku Ona to recover fees because the court determined that Leku Ona was the prevailing party and Leku Ona's claim was fundamentally commercial. Dkt. 9-4, at 8–9, 14. Accordingly, the Court must review whether the Bankruptcy Court abused its discretion in its application of Idaho law.

**A. Prevailing Party**

Eduardo first argues that the Bankruptcy Court erred in determining that Leku Ona was the prevailing party because it "used a claim-by-claim analysis when it should have used an overall view analysis" due to the multiple parties involved. Dkt. 8, at 5. The Court disagrees. The Bankruptcy Court correctly applied the claim-by-claim analysis due to the single claim in this case.

Under Idaho law, courts have discretion to determine the prevailing party, but they must exercise that discretion in a manner consistent with applicable legal standards. *Clarke v. Latimer*, 437 P.3d 1, 5 (Idaho 2018). "In determining which party prevailed in an action *where there are claims and counterclaims between opposing parties*, the court determines who prevailed 'in the action.' That is, the prevailing party question is examined and determined from *an overall view, not a claim-by-claim analysis*." *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 117 P.3d 130, 133 (Idaho 2005) (emphasis added).

Conversely, where there is only one claim and no counterclaims, courts must focus their inquiry on a party's success on that single claim. For instance, in *Clarke*, the Idaho

Supreme Court held that the plaintiffs were the prevailing party, as a matter of law, because the trial court found in their favor on their only claim. 437 P.3d at 6. The *Clarke* court emphasized that the plaintiffs "raised a single claim, presenting a single issue and seeking compensation in the amount of the fraudulently transferred funds; there were no counterclaims. . . . As such, the [trial] court's decision was the most favorable outcome that could have resulted from the [plaintiffs'] claim." *Id.* (cleaned up). And, in *Daisy Manufacturing Co. v. Paintball Sports, Inc.*, 999 P.2d 914 (Idaho Ct. App. 2000), the court of appeals similarly held that the defendant was the prevailing party because the case was dismissed and there "were not multiple claims or issues, but a single claim." *Id.* at 917.

Here, the Bankruptcy Court correctly applied the law and pointed out the difference in these approaches. It then explained that Leku Ona was the prevailing party because "only a single claim and no counterclaims were litigated among the parties, and [Leku Ona] sought and obtained a judgment against [Eduardo] on that claim." Dkt. 9-4, at 11. The court then clarified that the dismissal of Heather was not probative on who the prevailing party was because Leku Ona "stated from the outset that [Heather] was only named as a defendant out of an excess of caution" because the bankruptcy petition was filed jointly. *Id.* Indeed, the complaint specified that Heather was "being named solely because this is a joint petition." *Id.* at 11 n.8. Moreover, the complaint's prayer for relief reiterated that judgment was solely sought against Eduardo. The Bankruptcy Court highlighted each of these points in determining Leku Ona prevailed on its single claim against Eduardo.[3]

[3] Quoting *Daisy Manufacturing Co.*, 999 P.2d at 917, Eduardo also states that the Bankruptcy Court "should have considered Heather Sarria's successful defense of liability" and that having "a complaint dismissed is

Accordingly, the Bankruptcy Court was correct in adopting a claim-by-claim analysis.

Notwithstanding these points, Eduardo maintains that he was the prevailing party, or at least each party prevailed, for two reasons: the $2,490 judgment Leku Ona received was much less than the damages sought and codebtor Heather was dismissed entirely during trial. Dkt. 8, at 6–7. Eduardo's argument is not sound.

First, the dismissal of Heather in the adversary proceeding had little impact on which party prevailed for the reasons state above: Eduardo was the primary defendant in the adversary proceeding and Heather's inclusion was merely a cautionary step. Further, Heather is not the one claiming she prevailed, so her dismissal is inapposite as to whether Eduardo was the prevailing party.

Second, the damages received were in fact not significantly less than the damages sought in this case. The complaint indicated that Leku Ona sought damages "in an amount to be proven at trial," not $50,000. Dkt. 9-4, at 11. Eduardo's hang up on $50,000 in damages comes from Leku Ona's supplemental discovery responses in which Leka Ona suggested that damages *might* be that high. However, at a hearing two weeks later, Leku Ona indicated that damages would likely be far less than $50,000, and that problems of proof made it difficult for Leku Ona to assert damages as a sum certain. And, in its pretrial brief, Leku Ona indicated that it was seeking between $3,260 and $10,000 in damages. After judgment, the Bankruptcy Court noted that it was "not a surprise" that damages were

---

'the most favorable outcome that could possibly be achieved' by a defendant." Dkt. 8, at 10. However, as is apparent from this explanation, the Bankruptcy Court did consider the dismissal of Heather and appropriately found that the dismissal had no bearing on who prevailed because Leku Ona did not seek damages against Heather**.** Dkt. 9-4, at 10–11. Thus, any argument that the Bankruptcy Court did not consider this aspect of the case is wholly without merit.

low because it was "represented by [Leku Ona] pretty early on that this was a low damage case." Dkt. 10, at 2. The court also recognized that Leku Ona was "candid throughout the proceedings that problems of proof" made the amount of damages difficult to determine. Dkt. 9-4, at 13. Thus, the record makes abundantly clear that the difference between the damages sought and the judgment of $2,490 was not as significant as Eduardo suggests.

Moreover, even if $50,000 were the amount sought by Leku Ona, the disparity would still not be enough to preclude a conclusion that Leku Ona prevailed under Idaho law, much less that the Bankruptcy Court abused its discretion. In *Gilbert v. City of Caldwell*, the Idaho Court of Appeals determined that plaintiffs were the prevailing party even though they demanded $160,000, but only recovered $7,500—five percent of what they originally sought. 735 P.2d 355, 368 (Idaho Ct. App. 1987). Here, the difference would be nearly identical to the difference in *Gilbert*: 4.98% ($2,490 of $50,000). Simply put, Eduardo's argument is without factual or legal merit.[4]

In sum, the Bankruptcy Court did not abuse its discretion in determining that Leku Ona was the prevailing party because the court applied the correct law in a very logical and well-reasoned manner, with ample support from both caselaw and the record.

**B. Attorney Fees and Costs**

As to the award of fees and costs, Eduardo provides three reasons why he believes the Bankruptcy Court abused its discretion: (1) "[t]he court's decision [was] unreasonable and sets bad precedent," (2) the court "should have applied factors from the Ninth Circuit

[4] To its credit, the Bankruptcy Court explained each of these points.

to determine reasonableness," and (3) "[f]ederal and state precedent[s] recommend the reduction of fees to a more proportional amount." Dkt. 8, at 7, 12, 14. The Court will address these arguments in turn.

*1. Reasonableness*

The Bankruptcy Court's decision was not unreasonable. The amount of attorney fees to be awarded under Idaho Code § 12-120(3) is committed to a court's discretion. *Johannsen v. Utterbeck*, 196 P.3d 341, 350 (Idaho 2008) (citing *Lettunich v. Lettunich*, 111 P.3d 110, 120 (Idaho 2005)). Idaho Rule of Civil Procedure 54(e)(3) provides various guiding factors in determining a reasonable award of fees:

> (A) the time and labor required; (B) the novelty and difficulty of the questions; (C) the skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law; (D) the prevailing charges for like work; (E) whether the fee is fixed or contingent; (F) the time limitations imposed by the client or the circumstances of the case; (G) the amount involved and the results obtained; (H) the undesirability of the case; (I) the nature and length of the professional relationship with the client; (J) awards in similar cases; (K) the reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case; (L) any other factor which the court deems appropriate in the particular case.

Although Eduardo acknowledges both that the Bankruptcy Court "cited these factors, proceeding to examine each in varying detail" and that the court "reduced the fees by $107,923.50," he posits that the court's award was still unreasonable. Dkt. 8, at 8. In particular, Eduardo criticizes the court's analysis of factors A, B, C, G, and L. Before diving into these arguments, the Court notes that the persuasive value of many of them is greatly diminished by the applicable standard of review. Once more, the Court's review is not whether the Bankruptcy Court's analysis was perfect; rather, the question is whether it

was "illogical, implausible, or without support" from the record. *In re Schwartz-Tallard*, 473 B.R. at 346; *see also Fox v. Vice*, 563 U.S. 826, 838 (2011) (stating that "appellate courts must give substantial deference to [attorney fee] determinations" and that such is a "sphere of judicial decisionmaking in which appellate micromanagement has" very little to recommend).

As to factor A—the time and labor required—the Bankruptcy Court reduced the amount sought by $74,799.50 for excessive discovery and by $8,421 for unnecessary staff at trial. Dkt. 9-4, at 18–19. Thus, Eduardo's grumblings of error on this factor are simply unfounded.

Regarding factor B—the novelty and difficulty of the questions—Eduardo argues that the Bankruptcy Court should have used this factor to reduce the fees because the court even noted that the issues were not novel or difficult. Leku Ona counters that the Bankruptcy Court determined that this factor did not add or detract from the reasonableness of the fees requested. It appears that Leku Ona is correct.

Although the Bankruptcy Court stated that the questions were not "particularly novel or difficult," it also stated that "this case was litigated fiercely between the parties," and had "a high volume of issues," to which "the parties indeed devoted substantial time." Dkt. 9-4, at 19–20. From the language it included, the court seemed to go back and forth on this issue such that it seems to have concluded that this factor was neutral. Under these circumstances, the Court cannot say that the Bankruptcy Court abused its discretion in not reducing the fee award on this factor.

As to factor C—the skill, experience, and ability of the attorneys—it does not appear

that Eduardo claims any error. Instead, his arguments demonstrate that he merely disagrees with the Bankruptcy Court's conclusion. For example, he again focuses on Leka Ona's discovery tactics, on which the court already based part of its reduction. Dkt. 8, at 10. He has therefore failed to carry his burden of persuasion on this point. *See Nielson v. Talbot*, 415 P.3d 348, 357 (2018) ("The party asserting the abuse of discretion carries the burden of demonstrating that an abuse of discretion occurred, and a failure to do so is fatal to its argument." (cleaned up)).

Regarding factor G—the amount involved and the results obtained—Eduardo initially reargues many of the same points he made with respect to the prevailing party determination, which the Court need not address anew. As explained above, the Bankruptcy Court's determination that Leka Ona prevailed was not an abuse of discretion. Eduardo then argues that the Bankruptcy Court erred by only reducing the fees when considering time and labor required despite the court's recognition that the fees requested were quite high and unreasonable. On its face, this argument is persuasive; however, it ignores the Bankruptcy Court's repeated reference to the interrelatedness of the relevant factors. In addressing this issue and comparable awards in similar cases, the court stated:

> The Court acknowledges that there is a substantial disparity between the amount of fees sought and the results obtained. However, *the fees are unsurprising in light of the number of legal issues litigated during the acrimonious pretrial proceedings in this case.* While the Court finds that this factor supports Defendant's contention that the fees in this case are unreasonable, it also notes that *many of the Idaho R. Civ. P. 54(e)(3) factors overlap and are interrelated*. As such, *the Court's remedy for such unreasonableness has already been incorporated* into its decision to reduce Plaintiff's fees as discussed in other sections of this opinion.
>
> . . . .

> The Court finds that Plaintiff's attorney's fees in this case are unreasonably high in comparison with awards in similar cases. Again, *this factor overlaps and is related to other Idaho R. Civ. P. 54(e)(3)* factors discussed elsewhere in this opinion. *The Court's remedy for the unreasonableness based on this factor has been incorporated* into its decision to reduce Plaintiff's requested fees as discussed in other sections of this opinion.

Dkt. 9-4, at 25, 27.

From these quotes, it is clear that the Bankruptcy Court did not fail to reduce the fees based on these decisions; rather, its reductions on these issues were mathematically incorporated into its other reductions. Indeed, the court even gave a reason for not reducing the fees beyond the amount it already had: "the number of legal issues litigated during the acrimonious pretrial proceedings in this case." *Id.* at 25. Such a conclusion is at least logical and plausible based on the total reduction of fees in this case, which was $107,923.50. Although a best practice arguably could have been to link each specific reduction in fees to a particular 54(e)(3) factor, nothing required the court to do so. *Johannsen*, 196 P.3d at 351 ("[T]he bottom line in an award of attorney's fees is reasonableness."). Thus, this Court cannot say that the Bankruptcy Court abused its discretion on this basis.[5]

Lastly, Eduardo asserts that the Bankruptcy Court failed to acknowledge Leka

[5] In his Reply Brief, Eduardo states that "this factor stands on it[s] own from the others and does not have the interrelatedness that court alluded to." Dkt. 11, at 8. But Eduardo does not provide any legal support for this proposition, thereby failing to carry his burden. *See Nielson*, 415 P.3d at 35; *see also* Fed. R. Bankr. P. 8014(a)(8) (mandating that the appellant's brief include "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *cf. Cal. Pac. Bank v. Fed. Deposit Ins. Corp.*, 885 F.3d 560, 570 (9th Cir. 2018) ("[A]rguments are waived where the appellant does not present any argument to support its assertions and cites no authority."). Moreover, the Court disagrees with Eduardo's contention. Many of the 54(e)(3) factors appear to be interrelated as they help to determine the ultimate question of reasonableness.

Ona's voluntary reduction of fees from the requested $233,076.50 to $175,000 before the hearing. This argument is flawed as well because its premise is incorrect. The Bankruptcy Court specifically acknowledged that it was aware of this reduction in coming to its conclusion regarding what it deemed were reasonable fees. Dkt. 9-4, at 31 n.14.

For the foregoing reasons, the Bankruptcy Court did not abuse its discretion in determining the amount of attorney fees it awarded to Leka Ona under Idaho law. The court applied the correct law, thoroughly analyzed the factors at issue, and made each of its decisions in a logical manner with support from the record.

*2. Federal Factors*

Eduardo next argues that the Bankruptcy Court and this Court "should consider the factors outlined in *Quan* because [Leku Ona's] adversary claim arises under 11 U.S.C. § 523, a federal statute," citing *Quan v. Computer Sciences Corp.*, 623 F.3d 870 (9th Cir. 2010). Dkt. 8, at 12. However, Eduardo's argument essentially flips the script. As explained above, while Leku Ona's claim did arise under § 523 to the extent that money obtained by fraud is non-dischargeable, the right to attorney fees in this case arose under Idaho Code § 12-120(3). Therefore, Idaho law dictates the inquiry of awarding attorney fees, not federal law. *Cf. In re Haun*, 396 B.R. 522, 528–29, 531 (Bankr. D. Idaho 2008).

Moreover, *In re Quan* dealt with a dispute over attorney fees under Federal Rule of Civil Procedure 54 and statutory provisions of ERISA, and is factually inapplicable to the case at hand. 623 F.3d at 888. Eduardo does not point the Court to any authority that requires the Bankruptcy Court or this Court to consider factors other than those already discussed. Accordingly, the Bankruptcy Court did not err in its analysis.

3. *Proportionality*

Lastly, Eduardo argues that "[f]ederal and state precedent recommend the reduction of fees to a more proportional amount." Dkt. 8, at 14. He then goes on twice to say that this Court should use its discretion to reduce the fees to a more proportional amount. To begin, this eschews the appropriate standard of review. Again, this Court's review is confined to the limited question of whether the Bankruptcy Court abused its discretion. This Court is not permitted to and does not in any way exercise its discretion here.

That said, the Bankruptcy Court did not abuse its discretion as to the issue of proportionality. The court explicitly took the disparate amounts of the judgment and fee award into account and correctly explained that Idaho law does not require the amount of attorney fees awarded to be proportionate to the size or amount of the damages award. Dkt. 9-4, at 26. *DesFosses v. DesFosses*, 836 P.2d 1095, 1099 (Idaho Ct. App. 1992) ("[T]he amount of an award of attorney fees need not bear a reasonable relationship to the amount of the judgment." (citing *Smith v. Great Basin Grain Co.,* 561 P.2d 1299, 1314 (1977))); *Meldco, Inc. v. Hollytext Carpet Mills, Inc.*, 796 P.2d 142, 148 (Idaho Ct. App. 1990) ("Rule 54(e)(3) nowhere indicates that the amount of an attorney fees award must be proportionate to the size of the damages award."). Additionally, Eduardo's reliance on *Craft Wall of Idaho, Inc. v. Stonebraker*, 701 P.2d 324 (Idaho Ct. App. 1985) (per curiam), is of no assistance on this issue, as the court there affirmed a reduction of fees based on duplicative time and labor, not disproportionality. *Id.* at 326. In fact, there is no mention of

proportionality at any point in that opinion.[6] The Court has already addressed the factor of time and labor and will not do so again at this juncture. In short, the Court does not discern an abuse of discretion here either.

### C. Conclusion

Based on the stated reasons, the Court concludes that the Bankruptcy Court did not abuse its discretion in determining the prevailing party or the award of fees to Leka Ona. The Court therefore affirms the appealed decision in both respects.

## V. ORDER

IT IS HEREBY ORDERED as follows:

1. The Bankruptcy Court's decision determining the prevailing party is **AFFIRMED**.
2. The Bankruptcy Court's decision awarding the Plaintiff-Appellee attorney fees and costs is **AFFIRMED**.

DATED: October 27, 2020

David C. Nye
Chief U.S. District Court Judge

[6] *Farrar v. Hobby*, 506 U.S. 106 (1992) is also inapplicable here because it dealt with civil rights under 42 U.S.C. § 1988, not Idaho law. *Id.* at 115. Nor does it say that awards of attorney fees must be proportional in all circumstances.